IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Princibe Laguerre, #30110-018, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 3:09-1864-PMD |
| v. ) | |
| ) | |
| Melisa White Gay, Esquire, ) | **ORDER** |
| ) | |
| Defendant. ) | |

This matter is before the court on Plaintiff Princibe Laguerre's ("Plaintiff") Objections to the Report and Recommendation ("R&R") of a United States Magistrate Judge. Plaintiff filed this action pursuant to 42 U.S.C. § 1983 and *in forma pauperis* under 28 U.S.C. § 1915 seeking monetary damages for alleged malpractice by Defendant Melisa White Gay, Esquire ("Defendant"), an attorney that represented Plaintiff in a criminal proceeding. On August 10, 2009, the Magistrate Judge recommended that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. Plaintiff filed a timely Objection to the R&R. Having reviewed the entire record, including Plaintiff's Objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court adopts the R&R and fully incorporates it into this Order.

## BACKGROUND

Plaintiff is an inmate at the Medical Center for Federal Prisoners in Springfield, Missouri. Plaintiff's statement of the claim section of his complaint states:

> Transaction concerning $5000.00 of retainer. Atty. Gay may not take advantage of relations with a client (Princibe Laguerre) to enter into a contract concerning, Duties, Rights and Remedies between attorney and client. Atty. Gay may incur liability for malpractice through negligence in handling matters in my crim[i]nal

1

> defense. Atty. Gay is liable to Princibe Laguerre for malp[r]actice where, Atty. Gay accepted a fee from Princibe Laguerre, but did not pursue postconviction relief with[in] the limitation period.

Plaintiff requests the return of his $5,000 retainer plus interest and filing fees plus $5,000 in punitive damages. Plaintiff's complaint indicates that he is bringing his claim pursuant to 42 U.S.C. § 1983 and pursuant to 28 U.S.C. § 1331.

In his objections, Plaintiff provides additional facts to support his complaint. Plaintiff claims that Melisa Gay, Plaintiff's attorney in South Carolina, retained Jennifer Stanton, an attorney in Virginia, to file a habeas Petition on behalf of Plaintiff under 28 U.S.C. § 2255. According to Plaintiff, the habeas petition was found to be untimely and was dismissed. Therefore, Plaintiff claims that his attorney violated a basic duty in failing to file a timely habeas petition.

## STANDARD OF REVIEW

The Magistrate Judge made his review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge only makes a recommendation to the court. It has no presumptive weight, and the responsibility for making a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). Parties are allowed to make a written objection to a Magistrate Judge's report within ten days after being served a copy of the report. 28 U.S.C. § 636(b)(1). From the objections, the court reviews *de novo* those portions of the R&R that have been specifically objected to, and the court is allowed to accept, reject, or modify the R&R in whole or in part. *Id.* Additionally, the court may recommit the matter to the Magistrate Judge with instructions. *Id.*

*Pro se* complaints are held to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir.1978), and a federal district court is charged with

liberally construing a complaint filed by a *pro se* litigant to allow for the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9-10 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). Nevertheless, the requirement of liberal construction does not mean that this Court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir.1990).

Plaintiffs' complaint has been filed *in forma pauperis* pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of the privilege of filing without prepayment of the fee, the statute allows a district court to dismiss a case upon a finding that the action "fails to state a claim on which relief may be granted . . . is frivolous or malicious . . . [or] seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals on these grounds are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

## **ANALYSIS**

The Magistrate Judge recommended to the court that Plaintiff's complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted. The Magistrate Judge first noted that federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute. *Willy v. Coastal Corp.*, 503 U.S. 131, 136-37 (1992); *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986). Plaintiff's complaint indicates that the court has jurisdiction in this case pursuant to 28 U.S.C. § 1331, federal question jurisdiction. However, the Magistrate Judge found that the complaint

does not allege facts that support federal question jurisdiction. The Magistrate Judge found that Plaintiff has not stated a cause of action "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Plaintiff's allegations of breach of contract and his tort claims of negligence and legal malpractice do not support federal question jurisdiction.

The Magistrate Judge found that "[i]n as much as Plaintiff is attempting to file a civil rights action, his complaint fails to state a claim." (R&R, p. 3). In order to state a cause of action under 42 U.S.C. § 1983, a plaintiff must allege that: (1) the defendant(s) deprived him or her of a federal right, and (2) did so under color of state law. *Gomez v. Toledo,* 446 U.S. 635, 640 (1980). An attorney, whether retained, court-appointed, or a public defender, does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Deas v. Potts,* 547 F.2d 800 (4th Cir.1976) (private attorney); *Hall v. Quillen,* 631 F.2d 1154, 1155-56 & nn. 2-3 (4th Cir.1980), *cert. denied,* 454 U.S. 1141 (1982) (court-appointed attorney); and *Polk County v. Dodson,* 454 U.S. 312, 317-324 & nn. 8-16 (1981) (public defender). The Magistrate Judge found that Plaintiff's legal malpractice and breach of contract claims do not rise to the level of deprivation of a federal right as required under § 1983. (R&R, p. 3 ("Just as '[m]edical malpractice does not become a constitutional violation merely because the victim is a prisoner,' neither does legal malpractice." *See Estelle v. Gamble,* 429 US 97, 106 (1976); *see also Daniels v. Williams*, 474 U.S. 327 (1986)). Therefore, the Magistrate Judge found that Plaintiff has failed to establish federal question jurisdiction, and the court agrees.

A federal court can hear claims based solely on state law, such as Plaintiff's claims in this case, only under diversity jurisdiction. However, the Magistrate Judge found that Plaintiff has also failed to establish diversity jurisdiction. Under 28 U.S.C. § 1332(a), diversity jurisdiction

requires an amount in controversy which "exceeds the sum or value of $75,000 exclusive of interest and costs" and the controversy must be "between citizens of different States." The Magistrate Judge found that Plaintiff's complaint alleges a sum of $10,000, which is below the threshold amount established in the statute. Thus, the Magistrate Judge recommended Plaintiff's complaint be dismissed for lack of subject matter jurisdiction and for failure to state a claim on which relief may be granted.

In his objections, Plaintiff first provides additional factual background which the court has incorporated into the background section of this order. In addition, Plaintiff states that he "would like to AMEND [his] complaint since my liberty was at stake from $5000.00 to [$]75000.00 and for Atty. Gay to pay the filing fees." Finally, Plaintiff claims that his allegations do state an action "arising under the Constitution, laws, or treaties of the United States"—the Sixth Amendment and ineffective assistance of counsel under 28 U.S.C.A. § 2255.

The court finds Plaintiffs objections to be without merit. First, Plaintiff's claims for damages "appear to a legal certainty [as] really for less than the jurisdictional amount." *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-89 (1938) ("[I]f, from the face of the pleadings, it is apparent, to a legal certainty, that the plaintiff cannot recover the amount claimed or if, from the proofs, the court is satisfied to a like certainty that the plaintiff never was entitled to recover that amount, and that his claim was therefore colorable for the purpose of conferring jurisdiction, the suit will be dismissed.") In his original complaint, Plaintiff claims as damages the return of his $5,000 retainer plus $5,000 in punitive damages. After the issuance of the R&R, Plaintiff now claims that his damages are $75,000. Plaintiff provides no facts or allegations to support his claim for damages of $75,000, and the court finds that it appears to a legal certainty that Plaintiff cannot recover in excess of $75,000 as required by 28 U.S.C. § 1332.

Additionally, to the extent Plaintiff attempts to amend his complaint to state a habeas action under § 2255, Defendant is not a proper respondent in a habeas action. A prisoner's custodian is the proper respondent in a habeas corpus action. *Rumsfeld v. Padilla*, 542 U.S. 434-35 (2004). The court also could not allow Plaintiff to amend his complaint to bring a § 2255 action against the proper respondent because, as amended, the complaint would constitute Plaintiff's second habeas action. Plaintiff has stated in his objections that he has already filed one habeas petition in a Virginia Federal District Court, which dismissed the petition as untimely. As such, if the court allowed Plaintiff to amend his complaint to assert a second § 2255 claim, the habeas petition would have to be dismissed as successive pursuant to 28 U.S.C. § 2244(b)(3)(A) and 28 U.S.C. § 2255(h). Leave from the United States Court of Appeals for the Fourth Circuit is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive § 2255 habeas petitions. Therefore, before Plaintiff can file a second habeas petition in the United States District Court, he must seek and obtain leave (i.e., written permission) from the Fourth Circuit. 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Therefore, the court finds Plaintiff's objections to be without merit and agrees with the R&R that Plaintiff's complaint fails to establish subject matter jurisdiction and fails to state a claim upon which relief may be granted.

## **CONCLUSION**

For the foregoing reasons, it is **ORDERED** that Plaintiff's complaint be **DISMISSED** without prejudice and without service of process.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 19, 2009**

NOTICE OF APPEAL
Petitioner is hereby notified that he has the right to appeal this Order within thirty (30) days from the date hereof pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.